**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Adax George CLAY, Defendant— Appellant.**

**No. 01–50582.**

**D.C. No. CR–01–00038–GHK–1.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2003.

Decided Feb. 20, 2003.

Before HALL, KOZINSKI, and RAWLINSON, Circuit Judges.

MEMORANDUM *

The district court properly considered the evidence in question as relevant direct evidence of Clay's knowledge that the identity he proffered on his passport application was false. *See United States v. Ramirez–Jiminez*, 967 F.2d 1321, 1326 (9th Cir.1992) ("When offered to prove knowledge . . . the prior act need not be similar to the charged act as long as the prior act was one which would tend to make the existence of the defendant's knowledge more probable than it would be without the evidence.") (citation omitted). There was no abuse of discretion in the district court's determination that the evidence's probative value outweighed its prejudicial effect, and the district court properly exercised its discretion in reconsidering its initial ruling on the defense motion *in limine* in view of the government's more limited proffer of evidence. *See United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir.1999). The filing of a second superseding indictment did not prejudice Clay unfairly because there was no unfair surprise in the charges contained therein. *See United States v. Chenaur*, 552 F.2d 294, 302 (9th Cir.1977). The representation provided by Clay's trial counsel did not fall "below an objective standard of reasonableness" because counsel sought vigorously, albeit unsuccessfully, to exclude the challenged evidence. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.